```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| DAIMION T. SMITH, | : | CIVIL ACTION NO. 04-4553 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| COUNTY OF MONMOUTH, et al., | : | |
| Defendants. | : | |

**THE COURT** issued an order to show cause why the complaint should not be dismissed insofar as asserted against (1) the defendants Monmouth County Prosecutor's Office ("MCPO") and Scott Samis under Federal Rule of Civil Procedure ("Rule") 37, and (2) the defendant County of Monmouth under Rule 4(m).  (7-20-05 Order to Show Cause.)  This is an action wherein the plaintiff pro se seeks damages for "the break-in and search of [his] apartment with the lack of any probable cause and/or fourth-Amendment-warrant" on September 8, 2004.  (Compl., at 4.)

### MCPO AND SAMIS

MCPO and Samis sent (1) interrogatories and a notice to produce to the plaintiff's home address on October 26, 2004, by regular and certified mail, although the certified letter was returned, (2) a second demand on January 24, 2005, to the plaintiff's address at the time — Monmouth County Correctional Facility, and (3) a third demand on March 23, 2005, to the plaintiff's home address by regular and certified mail, although

the certified letter was returned. (6-10-05 Mag. Judge Order, at 1-2.) On or about February 18, 2005, the plaintiff notified the Court that he was present at his home address, had lost his job, and was facing eviction. (Dkt. entry no. 14, Undated Pl. Letter with Envelope dated 2-18-05). He failed to respond to either the interrogatories or the notice to produce.

MCPO and Samis thereafter moved under Rule 37 before the Magistrate Judge to compel the plaintiff to respond to the interrogatories and provide discovery. (5-2-05 Not. of Mot.) The plaintiff failed to oppose the motion. The Magistrate Judge (1) granted the motion, and (2) directed the plaintiff to respond to the interrogatories and provide the requested discovery by June 24, 2005. (6-10-05 Mag. Judge Order, at 2.) The plaintiff has failed to comply with the order.

The Court may "dismiss the action . . . or any part thereof" for the plaintiff's failure "to obey an order to provide or permit discovery" and "to serve answers or objections to interrogatories." Fed.R.Civ.P. 37(b)(2)(C),(d). Thus, the plaintiff was advised that the Court was considering dismissal of the complaint insofar as asserted against MCPO and Samis under Rule 37. (7-20-05 Order to Show Cause.)

The Court must balance the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), in determining whether to dismiss pursuant to Rule 37. Ciaverelli

v. Stryker Med., No. 00-2873, 29 Fed.Appx. 832, 833-34 (3d Cir. Feb. 4, 2002).  The Court must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted).  The plaintiff — who is pro se — has failed to obey the order of the Magistrate Judge, and thus it appears he has (a) become personally responsible for the delay, (b) become dilatory, and (c) demonstrated willful conduct.  See Rogers v. Patterson, No. 97-6744, 1998 WL 761871, at *1-*2 (E.D. Pa. Oct. 30, 1998) (granting motion under Rule 37 due to pro se plaintiff's failure to honor discovery obligation). "Pro se plaintiffs cannot be held to the same strict standards as attorneys, but they also cannot be excused from compliance with the plain text of the federal rules and court orders."  Palmer v. Sec. Nat'l Bank, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001); see Smith v. Altegra Credit Co., No. 02-8221, 2004 WL 2399773, at *4-*5 (E.D. Pa. Sept. 22, 2004) (stating same). Therefore, the first, third, and fourth Poulis factors appear to weigh against the plaintiff.

The plaintiff's delay in responding to discovery requests — including his failure to proceed as directed by the Magistrate

3

Judge — appears to have prejudiced MCPO and Samis in their defense of this action, which is now over one-year old.  See Palmer, 2001 WL 877584, at *4 (stating defendant "stymied" in effort to address merits of case by plaintiff's failure to respond to discovery requests).  Thus, the second Poulis factor appears to weigh against the plaintiff.

The Magistrate Judge afforded the plaintiff — and the plaintiff failed to take advantage of — every opportunity to proceed.  It appears that a sanction other than dismissal of the complaint insofar as asserted against MCPO and Samis — such as a monetary sanction — will engender more delay and be ineffective.  See Butler v. Beneficial Mgmt. Corp., No. 99-3320, 2000 WL 1428682, at *2 (E.D. Pa. Sept. 27, 2000) (stating plaintiff appears unable to pay monetary sanction, and thus imposing such would have little effect).  Thus, the fifth Poulis factor appears to weigh against the plaintiff.  The sixth Poulis factor — the merits of the claim — appears to be neutral, as the plaintiff has not acted to support his claims beyond the bare allegations contained in the complaint.

The Court advised the plaintiff — on balancing the aforementioned six Poulis factors — that (1) the Court was inclined to dismiss the complaint insofar as asserted against MCPO and Samis under Rule 37, and (2) he was required to show cause why the Court should not do so.  (7-20-05 Order to Show Cause.)

### DEFENDANT COUNTY OF MONMOUTH

The plaintiff attempted to serve the County of Monmouth by certified mail under New Jersey Court Rule 4:4-4(c) on September 28, 2004. (Dkt. entry no. 4.) The County of Monmouth had neither answered nor appeared within 60 days thereof. It appears that "default shall not be entered against a defendant who fails to answer or appear in response thereto," and "[i]f defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed . . . and the time prescribed . . . for issuance of the summons shall then begin to run anew." N.J.Ct.R. 4:4-4(c).

The plaintiff appeared to have failed to serve the County of Monmouth within 120 days thereafter. Thus, the plaintiff was advised that the Court would dismiss the complaint insofar as asserted against the County of Monmouth unless he (1) showed good cause for this failure, or (2) established that service was effected again within the 120-day period. (7-20-05 Order to Show Cause.) See Fed.R.Civ.P. 4(m). The Court, as required, notified the plaintiff of the intention to dismiss this part of the complaint under Rule 4(m). See Liu v. Oriental Buffet, No. 04-2850, 2005 WL 1394939, at *2 (3d Cir. June 14, 2005).

### PLAINTIFF'S RESPONSE

The Court required the plaintiff to assure that his response was received by the office of the Clerk of the Court — as opposed

5

to merely mailed — by August 22, 2005.  (7-20-05 Order to Show Cause.)  The office of the Clerk of the Court did not receive his response until September 1, 2005.  (See dkt. entry no. 19.)  This is his response:

> For this claimant Daimion T. Smith is with the eviction in the May-month in the year 2005.  For this claimant with the knowledge in the truth is with the claim of the sufferance of the damage of the listing in the complaint: 04-4553.  For this sufferance is with the now-effect with the contribution for this eviction by the damage for this claimant by these defendants.  For this claimant of this eviction is with the use of the private-storage for the property of this claimant.  For this claimant is with the computer with the problems by the moist-conditions of this storage with the cause for the need for the computer repair at the cost.
>
> For the computer-files are with the claim of the opposition for the interrogatories of the defendants.  For this claimant with the lack of the employment is with the payment-plan for the computer-repair-man with the solution for the computer on the 15th of the August in the 2005.  For this claimant with the computer in the working-status is with this answer for the order for the show-cause.  For this claimant is with the quest continuation of the claim: 04-4553 by this claimant of the harm, ill will, privation, security, home and effects by these defendants.
>
> For this claimant Daimion T. Smith with the knowledge is with this claim and new-mail-location in the truth.
>
> <u>Relief</u>
>
> For this claimant is with the volition for the lack of the dismissal of this complaint: 04-4553 by this claimant.

(9-1-05 Pl. Letter.)[1]

---

[1]  The Court has reviewed the response by MCPO and Samis. (See 9-14-05 Buttafuoco Letter.)

The plaintiff's letter is not responsive.  A subsequent submission by the plaintiff is equally not responsive.  (See 10-17-05 Pl. Stmt.)  Thus, the Court intends to dismiss the complaint insofar as asserted against (1) MCPO and Samis under Rule 37, and (2) the County of Monmouth under Rule 4(m).  For good cause appearing, the Court will issue an appropriate order and judgment.[2]

       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[2] The motion by the defendants City of Asbury Park and Asbury Park Police Department to compel discovery (dkt. entry no. 22) will be determined by the Magistrate Judge.