```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAIMION T. SMITH, | CIVIL ACTION NO. 04-4553 (MLC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| COUNTY OF MONMOUTH, et al., | |
| Defendants. | |

**COOPER, District Judge**

The defendants City of Asbury Park and Asbury Park Police Department (the "defendants") move to dismiss the complaint, insofar as asserted against them, filed by the plaintiff pro se, Daimion T. Smith, under Federal Rule of Civil Procedure ("Rule") 37. (Dkt. entry no. 30.) The plaintiff has not opposed the motion. The Court, for the reasons stated herein, will grant the motion.

## BACKGROUND

The plaintiff brought this action on September 21, 2004, seeing damages for "the break-in and search of [his] apartment with the lack of any probable cause and/or fourth-Amendment-warrant" on September 8, 2004. (Compl., at 4.) The defendants sent interrogatories and a notice to produce to the plaintiff's home address on January 12, 2005. (3-10-06 Cert. of Douglas V. Sanchez ("Sanchez Cert."), at ¶ 2.) The plaintiff notified the Court on or about February 18, 2005, that he was present at his home address, had lost his job, and was facing eviction. (Dkt.

entry no. 14, Undated Pl. Letter with Envelope dated 2-18-05.) The plaintiff failed to respond and the defendants sent him three demand letters dated June 17, 2005, July 12, 2005, and August 15, 2005, with the latter two letters enclosing additional copies of the interrogatories and notice to produce. (Sanchez Cert., at ¶¶ 3-5.)

The defendants moved under Rule 37 to compel the plaintiff to provide discovery responses on October 18, 2005. (Dkt. entry no. 22.) The Magistrate Judge held a conference with the parties regarding the motion to compel on December 1, 2005. (Unnumbered dkt. entry btw. nos. 27 & 28; Dkt. entry no. 28.) The Magistrate Judge ordered the (1) defendants to mail a copy of their discovery requests to the plaintiff no later than Monday, December 5, 2005; and (2) plaintiff to answer each interrogatory and respond to all other relevant discovery requested by the defendants by December 27, 2005. (Dkt. entry no. 28.)

The plaintiff served responses to the defendants' discovery requests on or about January 12, 2006. (Sanchez Cert., at ¶ 7.) The defendants claimed that the responses were "unintelligible," and they sent the plaintiff a letter requesting more specific responses to the discovery demands. (Id. at ¶ 8.) Thereafter, the defendants sought leave to file a motion to dismiss for the plaintiff's failure to provide discovery as requested. (Dkt. entry no. 29, 1-20-06 Ord. on Informal Motion.) The Magistrate

Judge ordered the defendants to contact the plaintiff to attempt to resolve the discovery deficiencies as required by Local Civil Rule 37.1(b)(1).  (Id.)  However, if the plaintiff was unresponsive or the deficiencies not substantially remedied by February 28, 2006, the Magistrate Judge ordered that the defendants could file a motion to dismiss no later than March 10, 2006.  (Id.)  The defendants forwarded a second request for more specific responses to the plaintiff on March 3, 2006, but the plaintiff was unresponsive.  (Sanchez Cert., at ¶ 10.)  The defendants then filed a motion to dismiss on March 10, 2006, for the plaintiff's alleged failure to provide proper responses to their discovery demands and his failure to comply with the Magistrate Judge's orders of December 5, 2005 and January 20, 2006.  (Dkt. entry no. 30.)

## DISCUSSION

The Court may "dismiss the action . . . or any party thereof" for the plaintiff's failure "to obey an order to provide or permit discovery" and "to serve answers or objections to interrogatories."  Fed.R.Civ.P. 37(b)(2)(C), (d).  Dismissal of an action pursuant to Rule 37 is "a matter for the discretion of the trial court."  Curtis T. Bedwell & Sons v. Int'l Fid. Ins. Co., 843 F.2d 683, 691 (3rd Cir. 1988).  Although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases, it is a necessary tool to punish parties who fail to comply with

3

the discovery process and to deter future abuses." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3rd Cir. 1988).

The Court must balance the factors set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), in determining whether to dismiss pursuant to Rule 37. <u>Ciaverelli v. Stryker Med.</u>, 29 Fed.Appx. 832, 833-34 (3d Cir. 2002). The <u>Poulis</u> factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis</u>, 747 F.2d at 868 (emphasis omitted). The plaintiff — who is <u>pro se</u> — has failed to obey the orders of the Magistrate Judge, and thus it appears that he has (a) become personally responsible for the delay, (b) become dilatory, and (c) demonstrated willful conduct. <u>See</u> <u>Rogers v. Patterson</u>, No. 97-6744, 1998 WL 761871, at *1-*2 (E.D. Pa. Oct. 30, 1998) (granting motion under Rule 37 due to <u>pro se</u> plaintiff's failure to honor discovery obligation). "Pro se plaintiffs cannot be held to the same strict standards as attorneys, but they also cannot be excused from compliance with the plain text of the federal rules and court orders." <u>Palmer v. Sec. Nat'l Bank</u>, No. 00-287, 2001 WL 877584, at *3 (E.D. Pa. June 13, 2001). Therefore, the first and fourth <u>Poulis</u> factors appear to weigh against the plaintiff.

The plaintiff's delay in responding to discovery requests —
including his failure to proceed as directed by the Magistrate
Judge — appears to have prejudiced the defendants in their
defense of this action, which is almost two years old.  See
Palmer, 2001 WL 877584, at *4 (stating defendant "stymied" in
effort to address merits of case by plaintiff's failure to
respond to discovery requests).  Because of the plaintiff's
inaction, the defendants have had to seek judicial intervention
twice, and "take additional steps by attempting to communicate
with [the p]laintiff beyond what would normally be required in an
attempt to obtain discovery necessary to mount an adequate
defense to [the p]laintiff's allegations."  Wortman v. Brown, No.
05-1411, 2006 WL 1044787, at *3 (D.N.J. Apr. 18, 2006).  Thus,
the third Poulis factor appears to weigh against the plaintiff.

 The plaintiff has also demonstrated a history of
dilatoriness.  The Court must consider a party's conduct over the
course of the entire case in assessing dilatoriness. Adams v.
Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29
F.3d 863, 875 (3d Cir. 1994).  The plaintiff's failure to (1)
respond to the defendants' interrogatories, and (2) comply with
the Magistrate Judge's orders, demonstrates a pattern of dilatory
conduct.  The plaintiff also failed to respond to discovery
requests and the Magistrate Judge's order with respect to
discovery requests propounded by two former defendants in this

action, Monmouth County Prosecutor's Office and Scott Samis. (Dkt. entry no. 25 & 26.) As such, the Court dismissed the plaintiff's claims against those defendants under Rule 37. (Id.) Therefore, the second Poulis factor appears to weigh against the plaintiff.

The Magistrate Judge afforded the plaintiff — and the plaintiff failed to take advantage of — every opportunity to proceed. It appears that a sanction other than dismissal of the complaint insofar as asserted against the defendants — such as a monetary sanction — will engender more delay and be ineffective. See Butler v. Beneficial Mgmt. Corp., No. 99-3320, 2000 WL 1428682, at *2 (E.D. Pa. Sept. 27, 2000) (stating plaintiff appears unable to pay monetary sanction, and thus imposing such would have little effect). Thus, the fifth Poulis factor appears to weigh against the plaintiff. The sixth Poulis factor — the merits of the claim — appears to be neutral, as the plaintiff has not acted to support his claims beyond the bare allegations contained in the complaint.

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion, and dismiss the complaint insofar as asserted against City of Asbury Park and Asbury Park Police Department under Rule 37. The Court will issue an appropriate order and judgment.

                                           s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge